William Homer WEBB, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–98–0015–CR.

Court of Appeals of Texas, Amarillo.

June 7, 2000.

Rehearing Overruled July 7, 2000.

C.R. Daffern, Amarillo, for appellant.

James A. Farren, Dist. Atty., Harry Ingram, Asst. Dist. Atty., Randall County Dist. Attys. Office, Canyon, for appellee.

Before BOYD, C.J., and QUINN, and JOHNSON, JJ.

BRIAN QUINN, Justice.

William Homer Webb appealed from a judgment under which he was convicted of criminal mischief. We affirm.

In accordance with a plea bargain, appellant pled guilty to the third degree felony offense of criminal mischief and admitted (via a judicial confession) to destroying property of a value of $750 or more, but less than $20,000. In return for that plea, the State agreed to recommend that appellant's adjudication be deferred, that he be assessed a $1,200 fine, and that he be assessed four years of community supervision. The court admonished appellant, who in turn responded that he understood the admonishments and, nevertheless, desired to plead guilty. Upon hearing the responses of appellant, the trial court entered an order in conformance with the terms of the plea agreement.

Thereafter, the State thrice moved to adjudicate appellant guilty, repeatedly contending that he had violated the terms of his probation. In response to the first two motions, the court extended appellant's term of community supervision. However, that did not occur with regard to the third motion. Rather, after appellant admitted that the allegations contained in the motion were true, the court adjudicated him guilty of committing criminal mischief, sentenced him to five years confinement in the state penitentiary, and assessed a $1,200 fine. Thereafter, this appeal was perfected.

Appellant's legal counsel on appeal filed an *Ander's* brief, and appellant was afforded an opportunity to respond.[1] In his response, appellant contended that his guilty plea was involuntary and that he was denied effective assistance of counsel. We rejected those arguments. But, pursuant to our duty to independently review the record, *Mays v. State*, 904 S.W.2d 920, 926–27 (Tex.App.—Fort Worth 1995, no pet.), we found other error warranting reversal. The record illustrated that appellant had not been admonished that a plea of guilty could result in his deportation if he were not a citizen. TEX.CODE CRIM. PROC. ANN. art. 26.13(a)(4) (Vernon 1989). Thus, we reversed, and the State petitioned the Texas Court of Criminal Appeals for discretionary review. The petition for discretionary review resulted in the court vacating our decision and directing us to consider the impact of *Manuel v. State*, 994 S.W.2d 658 (Tex.Crim.App.1999) upon our ruling.

When the cause was returned to us by the Court of Criminal Appeals, we gave appellant new counsel as well as an opportunity to address *Manuel* and its effect, if any. Appellant accepted the opportunity and filed a brief wherein he argued that his plea was involuntary, that he was denied the effective assistance of counsel,

---

1. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

and *that Manuel* was inapplicable to anything other than claims of legal or factual insufficiency. The State disputed the latter proposition and argued that *Manuel* barred our consideration of any issues that may have been raised through immediate appeal from the order deferring his adjudication. We agree with the State.

In *Manuel,* the Texas Court of Criminal Appeals held that "a defendant placed on deferred adjudication community supervision may raise issues *relating to the original plea,* such as evidentiary sufficiency, only in appeals taken when deferred adjudication community supervision is first imposed." *Id.* at 661–62 (emphasis added).[2] And, while the court alluded to claims of "evidentiary sufficiency", nothing in the opinion indicated that it intended to restrict application of its holding to such claims. Indeed, those claims were referred to only as an example of the claims subject to the rule. *Id.*

■ Simply put, what the Court of Criminal Appeals sought in *Manuel* was to avoid giving a defendant two bites at the apple or two chances to appeal matters regarding the validity of the order deferring adjudication. *Id.* at 661–62. Given this motive and the court's allusion to claims of "evidentiary sufficiency" merely as an example of the issues encompassed, it could hardly be said that the only issues encompassed by the rule were those relating to the sufficiency of the evidence. And, that is why *Manuel* has subsequently been construed as obligating a defendant

"to appeal *any* issue 'relating to the original plea hearing' at the time he is placed on deferred adjudication" or risk waiving it, including issues concerning the voluntariness of his original plea. *Clark v. State,* 997 S.W.2d 365, 368–69 (Tex.App.— Dallas 1999, no pet.) (emphasis in original). *Id.* at 368–69.[3]

■ Now, in applying *Manuel* to the issues appellant asserts before us, we can only hold that they are beyond our review. This is so because each relates to the validity of the original guilty plea or the order deferring adjudication. Again, he contends that his plea was involuntary and that his trial counsel denied him effective assistance before pleading guilty. So, those issues, as well as that concerning the trial court's compliance with article 26.13 of the Code of Criminal Procedure, were matters which should have been raised via appeal immediately after the trial court deferred appellant's adjudication. Since they were not, we may not consider them.

Having found no error warranting reversal, we affirm the final judgment entered below.

---

2. Some may question the legal foundation of *Manuel* given its potential conflict with legislative dictate. For instance, through article 42.12, § 5 of the Texas Code of Criminal Procedure, the legislature stated that once guilt is adjudicated "all proceedings, *including . . . appeal* continue as if the adjudication of guilt had not been deferred." (Emphasis added). If "all" proceedings, including appeals, are to continue as if the adjudication of guilt had not been deferred, then logic suggests that a defendant be able to assert on appeal perfected after guilt is adjudicated those issues which he could have asserted before guilt was adjudicated. In denying a

defendant such opportunity, it can be said that the *Manuel* court is not treating "all proceedings" as if the adjudication of guilt had not been deferred. Moreover, the Court of Criminal Appeals said nothing of art. 42.12, § 5 in its opinion. Yet, we are bound to abide by its precedent.

3. Arguably, the holding in *Manuel* would not include jurisdictional issues or like matter that cannot be waived since such matter can normally be raised at any time. Yet, that is not a topic now before us, so we do not conclusively address it.