NO. 07-00-0302-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 31, 2001

______________________________

EDGAR ALEXANDER VILLATORO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 248
TH
 DISTRICT COURT OF HARRIS COUNTY;

NO. 9427128; HONORABLE JOAN CAMPBELL, JUDGE

_______________________________

Before BOYD, C.J., and QUINN and REAVIS, JJ.

In this appeal, appellant Edgar Alexander Villatoro challenges the revocation of his probation after his conviction for the offense of indecency with a child.  Appellant’s conviction was based on a plea of guilty.  A finding of guilt was deferred, and appellant was placed on probation for ten years.  

On December 3, 1999, the State filed a motion to adjudicate guilt based on the allegation that appellant violated the term of his community supervision that he commit no offense against the laws of this or any other state or of the United States when he entered the United States without authorization.  Appellant pled no contest to the alleged violation, his guilt was adjudicated, and he was sentenced to two years confinement in the Institutional Division of the Department of Criminal Justice.  Appellant sought to appeal from that determination on the basis that his plea with respect to the underlying offense was involuntary because it was induced by ineffective assistance of counsel.

Appellant’s appointed counsel on appeal has filed a brief in this court certifying that, in accordance with the dictates of 
Anders v. California
, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), she has diligently searched the record and is convinced that it does not reveal any reversible error.  Included with the brief is counsel’s motion to withdraw, as well as a copy of a letter to appellant informing him of his right to file a brief on his own behalf.   The certified receipt indicates appellant received the letter on March 8, 2001, and he has not filed a brief or indicated his desire to do so.  The State has waived its right to file a brief.  

Upon the filing of an 
Anders
 brief, it is our duty to independently review the record to satisfy ourselves that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim and to determine if counsel has correctly concluded the appeal is frivolous.  
See High v. State
, 573 S.W.2d 807, 810-12 (Tex.Crim. App. 1978).  Appellant’s opportunity to appeal the order of deferred adjudication and the voluntariness of his plea was at the time the judgment was rendered.  Tex. R. App. P. 26.2(a); 
Webb v. State
, 20 S.W.3d 834, 836 (Tex.App.--Amarillo 2000, no pet.).  Because appellant did not do so, the order became final.   

 In the proceeding to adjudicate guilt, appellant waived the right to a reporter’s record; therefore, the only record before us is the clerk’s record.  It shows that appellant pled no contest to the allegation that he violated the terms of his community supervision and that he stipulated to the evidence against him.  An order revoking probation shall be affirmed if one sufficient ground for revocation supports the order.  
Moore v. State
, 605 S.W.2d 924, 926 (Tex.Crim.App. 1980).  We agree with counsel that the appeal is without merit and is therefore frivolous.  
Currie v. State
, 516 S.W.2d 684 (Tex.Crim.App. 1974).

Accordingly, counsel’s motion to withdraw is hereby granted and the judgment of the trial court is affirmed.  

John T. Boyd

 Chief Justice

Do not publish.