NO. 07-99-0261-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 17, 2001

______________________________

ANTHONY WAYNE JONES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 252
ND
 DISTRICT COURT OF JEFFERSON COUNTY;

NO. 66263; HONORABLE LARRY GIST, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Anthony Wayne Jones appeals the revocation of his probation and the judgment adjudicating his guilt.  In his first five issues, he attacks the voluntariness of his plea to the underlying offense.  In his sixth issue, he contends that a dismissed count was used to revoke his probation.  For the reasons stated, we affirm the judgment of the trial court.

In 1994, appellant was indicted for the offense of possession of a controlled substance.  Appellant pled guilty, and the court deferred adjudication of his guilt for five years while he was on community supervision.  On February 3, 1999, the State filed a third amended motion to revoke appellant’s unadjudicated probation.  It was later agreed that the State would proceed on only counts 2, 3, 9, and 12 of that motion.  On May 24, 1999, the court entered a judgment finding appellant had violated grounds 1, 2, 3, 9, and 12 and adjudicated his guilt on the original charge.  Appellant was sentenced to ten years confinement in the Institutional Division of the Department of Criminal Justice. 

In his first five issues, appellant challenges the voluntariness of his plea of guilt to the original offense of possession of a controlled substance, contending (1) he did not intelligently, knowingly, or voluntarily enter his plea, (2) the trial court failed to substantially comply with article 26.13 of the Code of Criminal Procedure during the plea procedure, (3) the trial court erred by failing to ensure that he knew the full nature and consequences of his plea, (4) the trial court failed to admonish him as to the range of punishment, thereby denying him due process under the United States Constitution, and (5) the trial court failed to admonish him as to the range of punishment, thereby denying him due process under the Texas Constitution.  

  Appellant’s complaints arise from his original guilty plea or the order deferring his adjudication, not the revocation of his community supervision.  Therefore, he was required to appeal within 30 days after he was placed on community supervision.  
Manuel v. State
, 994 S.W.2d 658, 662 (Tex.Crim.App. 1999); 
Webb v. State
, 20 S.W.3d 834, 836 (Tex.App. --Amarillo 2000, no pet.).  Thus, his appeal with respect to the voluntariness of his plea is untimely, and we have no jurisdiction to consider it.  Because of that, appellant’s first five issues can present no assertable error and must be overruled.

In his sixth issue, appellant claims that the State elected not to proceed on count 1 of the motion to revoke probation.  Relying on a notation on the docket sheet, which indicates appellant pled guilty to counts 2, 3, 9, and 12 and the other counts were dismissed, he argues that the trial court has no authority to revive a dismissed or abandoned count, and therefore count 1 was not available as a basis for revocation.  

Count 1 relates to an indictment for aggravated assault for which appellant was later convicted.  The sentencing for that conviction took place at the same time as the sentencing of appellant in this proceeding.
(footnote: 1)  At the time of sentencing, the court stated,  “[i]n Cause Number 66263, based on a plea of true to Counts 2 and 9 and 12 of the motion that is filed in that case and I find Count 1 to be true, the Third Amended Motion to Revoke Unadjudicated Term is granted and Mr. Jones is found guilty in 66263.”   

The State argues that count 1 was not dismissed, but was found untrue based on a copy of the third amended motion to revoke probation in the record, which contained the word “Untrue” handwritten beside count 1.  However, there is no showing in the record that this was written by the trial court, and there is no reporter’s record before us showing appellant’s pleas of true.  

In spite of this less than clear record, it seems undisputed by the parties that appellant pled true to counts 2, 3, 9, and 12.  Those counts relate to the offense of reckless driving, failing to avoid injurious and vicious habits by reckless driving, failing to report to the Community Supervision and Corrections Department for the months of November and December 1998, and not completing anger management classes by failing to report for classes on November 12, and 19, 1998, and December 3, 10, and 17, 1998.   Proof of any violation of the terms of probation will sustain revocation.  
O’Neal v. State
, 623 S.W.2d 660, 661 (Tex.Crim.App. 1981); 
Moore v. State
, 605 S.W.2d 924, 926 (Tex.Crim.App. 1980); 
Moses v. State
, 590 S.W.2d 469, 470 (Tex.Crim.App. 1979).   Therefore, even if the trial court erred in using count 1 as a basis for its order of revocation, there are still other sufficient grounds, which the parties do not contest, that will sustain that judgment.  Appellant’s sixth issue is overruled.

Accordingly, all of appellant’s issues are overruled and the judgment of the trial court is affirmed.

John T. Boyd

 Chief Justice

Do not publish.

FOOTNOTES
1:
That conviction has been vacated by this court in our Cause No. 07-00-0260-CR.