NO. 07-08-0278-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 3, 2009
_____

AMY JEANNETTE BENGE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 31ST DISTRICT COURT OF HEMPHILL COUNTY;

NO. 2635; HONORABLE STEVEN EMMERT, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Amy Jeannette Benge appeals from the adjudication of her guilt for the

offense of possession of a controlled substance in an amount greater than four grams but

less than 200 grams[1] and her sentence of twelve years of confinement in the Institutional

Division of the Texas Department of Criminal Justice. Appellant's attorney has filed a brief

pursuant to *Anders* v. *California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and

*In re Schulman,* 252 S.W.3d 403 (Tex.Crim.App. 2008), indicating there are no non-

_____

[1] *See* Tex. Health & Safety Code Ann. § 481.115(d) (Vernon 2003).

frivolous issues to appeal.  Agreeing with appointed counsel's conclusion the record fails to show any arguably meritorious issue that could support the appeal, we affirm the trial court's judgment.

On August 18, 2005, appellant was charged by indictment with the offense of possession of a controlled substance in an amount greater than four grams but less than 200 grams.  On August 16, 2006, pursuant to a plea agreement, appellant plead guilty as charged in the indictment and was placed on deferred adjudication community supervision for a period of five years.   Appellant's deferred adjudication was conditioned on her compliance with specified terms and conditions.

On January 31, 2008, the State filed an amended motion to proceed with an adjudication of guilt, setting forth four violations of the terms and conditions of appellant's deferred adjudication community supervision.  The alleged violations included allegations that appellant was arrested in September 2006 for possession of a controlled substance, was arrested in October 2007 and January 2008 for theft, failed to report as required, and failed to pay fines and fees as required.  On May 22, 2008, this motion was heard by the court.   Appellant pled "true" to all but one of the State's allegations.

The State presented the testimony of appellant's community supervision officer to show appellant: (1) was arrested on three separate occasions during her supervision period and failed to report those arrests within 48 hours; (2) failed to report as required for the months of June, July, August, September, October, November and December of 2007; (3) was delinquent in paying her required fees; and (4) failed to pay her monthly community

supervision fees. The probation officer recommended revocation of appellant's community supervision.

Appellant's counsel cross-examined appellant's community supervision officer and offered the testimony of appellant and her husband. Appellant expressed her desire to continue her probation and obtain treatment through a rehabilitation program. On cross-examination, appellant acknowledged she was not denying she had violated her probation.

After hearing the evidence presented and pursuant to appellant's pleas of "true," the trial court adjudicated appellant guilty of the offense of possession of a controlled substance as alleged in the indictment and sentenced appellant to twelve years in the Institutional Division of the Texas Department of Criminal Justice and imposed a fine of $2,500. This appeal followed.

Appellant's appointed appellate counsel filed a motion to withdraw and a brief in support pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 493 (1967), in which he indicates that, under the controlling authorities and facts of this case, there is no reversible error or legitimate ground on which a non-frivolous appeal can arguably be predicated. The brief discusses the procedural history of the case and the proceedings in connection with the motion to proceed to an adjudication of guilt. Counsel also notes one potential issue upon which error may lie, ineffective assistance of counsel, but has explained why the argument lacks merit. Counsel has certified that a copy of the *Anders* brief and motion to withdraw have been served on appellant, and that counsel has advised appellant of her right to review the record and file a *pro se* response. *Johnson v. State*, 885 S.W.2d

3

641, 645 (Tex.App.–Waco 1994, pet. ref'd).  By letter, this Court also notified appellant of her opportunity to submit a response to the *Anders* brief and motion to withdraw filed by her counsel.  Appellant has filed a response in which she raises four issues.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.).  If this Court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel.  *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).

Both counsel and appellant raise the possibility that appellant received ineffective assistance of counsel in the underlying proceedings.  *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d (1984) and *Hernandez v. State,* 726 S.W.2d 53, 57 (Tex.Crim.App. 1986) (establishing the standard for ineffective assistance of counsel).  *See also Bone v. State,* 77 S.W.3d 828, 833 (Tex.Crim.App. 2002).  Appellant argues her counsel failed to prepare her or her husband to testify at the hearing, failed to explain the consequences of her guilty plea, failed to advance mitigating evidence, failed to move to withdraw her plea and failed to file a motion for new trial. After a thorough review of the record, we agree with counsel the record contains no support for such a contention.

From their context, it appears that some of appellant's arguments refer to asserted failures of her counsel at the time of her 2006 plea of guilty.  On this appeal from the adjudication of her guilt, we would have no jurisdiction to consider issues relating to appellant's original guilty plea.  Such issues are to be raised by appeal taken from the trial

court's initial imposition of deferred adjudication community supervision.[2] *Manuel v. State*, 994 S.W.2d 658, 661 (Tex.Crim.App.1999); *Franco v. State,* No. 01-07-00042-CR, 2008 WL 5273982, *3 (Tex.App.–Houston [1st Dist.] Dec. 11, 2008, no pet.) (mem. op., not designated for publication); *Sikes v. State,* No. 03-06-00608-CR, 2007 WL 4269815, *2 (Tex.App.–Austin Dec. 5, 2007, no pet.) (mem. op., not designated for publication). In particular, claims of denial of the right to effective assistance of counsel at the guilty plea proceeding are to be brought in a timely appeal following that proceeding. *Webb v. State*, 20 S.W.3d 834, 835-36 (Tex.App.–Amarillo 2000, no pet.). Appellant's arguments concerning events occurring in connection with the 2006 plea hearing do not raise arguably meritorious issues.

A claim that a defendant was subjected to ineffective assistance of counsel must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *McFarland v. State*, 928 S.W.2d 482, 500 (Tex.Crim.App. 1996). To the extent appellant's response complains of her retained counsel's representation of her at the 2008 adjudication hearing, after review of the record we conclude it does not support an arguably meritorious claim that she was denied the assistance of counsel guaranteed by the Sixth Amendment.

---

[2] The record contains the Order of Deferred Adjudication which specifically states the court admonished appellant of the consequences of her plea, found she was competent to stand trial, and was not influenced in making the plea, and states the court received the free and voluntary plea. Appellant signed a waiver of appeal following her original plea of guilty. At that time, the trial court's certification of defendant's right of appeal indicated both the case was a plea bargain case and she had no right of appeal and she had waived the right of appeal.

We find also that no arguably meritorious issue appears with regard to sufficiency of the evidence. At the revocation hearing, appellant plead "true" to all but one of the State's allegations and explicitly agreed she was not denying she violated the terms of her supervision. A plea of "true" to even one allegation in the State's motion is sufficient to support a judgment revoking community supervision. *Cole v. State,* 578 S.W.2d 127, 128 (Tex.Crim.App. 1979); *Lewis v. State,* 195 S.W.3d 205, 209 (Tex.App.–San Antonio 2006, pet. denied).

Lastly, we find no arguably meritorious point is raised with regard to the punishment assessed to appellant. The trial court assessed punishment for appellant at twelve years of confinement in the Institutional Division of the Texas Department of Criminal Justice, an acceptable term within the permissible range.[3] It is the general rule that as long as a sentence is within the proper range of punishment, it will not be disturbed on appeal. *Jackson v. State,* 680 S.W.2d 809, 814 (Tex.Crim.App. 1984). Appellant argues the assessed punishment was more than the State's recommended punishment of ten years. Our review of the record, however, indicates that at the conclusion of the hearing, the State simply asked for a finding of guilt and imposition of a ten-year jail sentence. The trial court was within its discretion to choose to sentence appellant to any term within the applicable punishment range. *See Jackson,* 680 S.W.2d at 814. *See also Gutierrez v. State,* 108 S.W.3d 304, 310 (Tex.Crim.App. 2003) (a recommendation by the State gives the judge

---

[3] The offense for which appellant plead guilty was a second degree felony punishable by imprisonment for any term of not more than 20 years or less than 2 years and a fine not to exceed $10,000. Tex. Penal Code Ann. § 12.33 (Vernon 2003).

some indication of what justice requires based on the specific circumstances of a case and it may serve to persuade the judge that a particular sentence is appropriate).

Our review convinces us that appellate counsel conducted a complete review of the record. We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal. We agree it presents no arguably meritorious grounds for review. We grant counsel's motion to withdraw[4] and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

[4] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review. *See* Tex. R. App. P. 48.4.