NO. 07-08-0278-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 3, 2009
______________________________

AMY JEANNETTE BENGE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 31ST DISTRICT COURT OF HEMPHILL COUNTY;

NO. 2635; HONORABLE STEVEN EMMERT, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
MEMORANDUM OPINION
          Appellant Amy Jeannette Benge appeals from the adjudication of her guilt for the
offense of possession of a controlled substance in an amount greater than four grams but
less than 200 grams


 and her sentence of twelve years of confinement in the Institutional
Division of the Texas Department of Criminal Justice. Appellant's attorney has filed a brief
pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and
In re Schulman, 252 S.W.3d 403 (Tex.Crim.App. 2008), indicating there are no non-frivolous issues to appeal. Agreeing with appointed counsel’s conclusion the record fails
to show any arguably meritorious issue that could support the appeal, we affirm the trial
court’s judgment. 
          On August 18, 2005, appellant was charged by indictment with the offense of
possession of a controlled substance in an amount greater than four grams but less than
200 grams. On August 16, 2006, pursuant to a plea agreement, appellant plead guilty as
charged in the indictment and was placed on deferred adjudication community supervision
for a period of five years. Appellant’s deferred adjudication was conditioned on her
compliance with specified terms and conditions.
          On January 31, 2008, the State filed an amended motion to proceed with an
adjudication of guilt, setting forth four violations of the terms and conditions of appellant’s
deferred adjudication community supervision. The alleged violations included allegations
that appellant was arrested in September 2006 for possession of a controlled substance,
was arrested in October 2007 and January 2008 for theft, failed to report as required, and
failed to pay fines and fees as required. On May 22, 2008, this motion was heard by the
court. Appellant pled “true” to all but one of the State’s allegations.
              The State presented the testimony of appellant’s community supervision officer to
show appellant: (1) was arrested on three separate occasions during her supervision period
and failed to report those arrests within 48 hours; (2) failed to report as required for the
months of June, July, August, September, October, November and December of 2007; (3)
was delinquent in paying her required fees; and (4) failed to pay her monthly community
supervision fees. The probation officer recommended revocation of appellant’s community
supervision.
          Appellant’s counsel cross-examined appellant’s community supervision officer and
offered the testimony of appellant and her husband. Appellant expressed her desire to
continue her probation and obtain treatment through a rehabilitation program. On cross-examination, appellant acknowledged she was not denying she had violated her probation.
          After hearing the evidence presented and pursuant to appellant’s pleas of “true,” the
trial court adjudicated appellant guilty of the offense of possession of a controlled substance
as alleged in the indictment and sentenced appellant to twelve years in the Institutional
Division of the Texas Department of Criminal Justice and imposed a fine of $2,500. This
appeal followed.
          Appellant's appointed appellate counsel filed a motion to withdraw and a brief in
support pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 493 (1967),
in which he indicates that, under the controlling authorities and facts of this case, there is
no reversible error or legitimate ground on which a non-frivolous appeal can arguably be
predicated. The brief discusses the procedural history of the case and the proceedings in
connection with the motion to proceed to an adjudication of guilt. Counsel also notes one
potential issue upon which error may lie, ineffective assistance of counsel, but has explained
why the argument lacks merit. Counsel has certified that a copy of the Anders brief and
motion to withdraw have been served on appellant, and that counsel has advised appellant
of her right to review the record and file a pro se response. Johnson v. State, 885 S.W.2d
641, 645 (Tex.App.–Waco 1994, pet. ref'd). By letter, this Court also notified appellant of
her opportunity to submit a response to the Anders brief and motion to withdraw filed by her
counsel. Appellant has filed a response in which she raises four issues.
          In conformity with the standards set out by the United States Supreme Court, we will
not rule on the motion to withdraw until we have independently examined the record. 
Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If this Court
determines the appeal has merit, we will remand it to the trial court for appointment of new
counsel. See Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.1991). 
          Both counsel and appellant raise the possibility that appellant received ineffective
assistance of counsel in the underlying proceedings. See Strickland v. Washington, 466
U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d (1984) and Hernandez v. State, 726 S.W.2d 53, 57
(Tex.Crim.App. 1986) (establishing the standard for ineffective assistance of counsel). See
also Bone v. State, 77 S.W.3d 828, 833 (Tex.Crim.App. 2002). Appellant argues her
counsel failed to prepare her or her husband to testify at the hearing, failed to explain the
consequences of her guilty plea, failed to advance mitigating evidence, failed to move to
withdraw her plea and failed to file a motion for new trial. After a thorough review of the
record, we agree with counsel the record contains no support for such a contention.
            From their context, it appears that some of appellant’s arguments refer to asserted
failures of her counsel at the time of her 2006 plea of guilty. On this appeal from the
adjudication of her guilt, we would have no jurisdiction to consider issues relating to
appellant’s original guilty plea. Such issues are to be raised by appeal taken from the trial
court’s initial imposition of deferred adjudication community supervision.


 Manuel v. State,
994 S.W.2d 658, 661 (Tex.Crim.App.1999); Franco v. State, No. 01-07-00042-CR, 2008 WL
5273982, *3 (Tex.App.–Houston [1st Dist.] Dec. 11, 2008, no pet.) (mem. op., not designated
for publication); Sikes v. State, No. 03-06-00608-CR, 2007 WL 4269815, *2
(Tex.App.–Austin Dec. 5, 2007, no pet.) (mem. op., not designated for publication). In
particular, claims of denial of the right to effective assistance of counsel at the guilty plea
proceeding are to be brought in a timely appeal following that proceeding. Webb v. State,
20 S.W.3d 834, 835-36 (Tex.App.–Amarillo 2000, no pet.). Appellant’s arguments
concerning events occurring in connection with the 2006 plea hearing do not raise arguably
meritorious issues.
          A claim that a defendant was subjected to ineffective assistance of counsel must be
firmly founded in the record, and the record must affirmatively demonstrate the alleged
ineffectiveness. McFarland v. State, 928 S.W.2d 482, 500 (Tex.Crim.App. 1996). To the
extent appellant’s response complains of her retained counsel’s representation of her at the
2008 adjudication hearing, after review of the record we conclude it does not support an
arguably meritorious claim that she was denied the assistance of counsel guaranteed by the
Sixth Amendment. 
          We find also that no arguably meritorious issue appears with regard to sufficiency of
the evidence. At the revocation hearing, appellant plead “true” to all but one of the State’s
allegations and explicitly agreed she was not denying she violated the terms of her
supervision. A plea of “true” to even one allegation in the State’s motion is sufficient to
support a judgment revoking community supervision. Cole v. State, 578 S.W.2d 127, 128
(Tex.Crim.App. 1979); Lewis v. State, 195 S.W.3d 205, 209 (Tex.App.–San Antonio 2006,
pet. denied). 
         Lastly, we find no arguably meritorious point is raised with regard to the punishment
assessed to appellant. The trial court assessed punishment for appellant at twelve years of
confinement in the Institutional Division of the Texas Department of Criminal Justice, an
acceptable term within the permissible range.


 It is the general rule that as long as a
sentence is within the proper range of punishment, it will not be disturbed on appeal. 
Jackson v. State, 680 S.W.2d 809, 814 (Tex.Crim.App. 1984). Appellant argues the
assessed punishment was more than the State’s recommended punishment of ten years. 
Our review of the record, however, indicates that at the conclusion of the hearing, the State
simply asked for a finding of guilt and imposition of a ten-year jail sentence. The trial court
was within its discretion to choose to sentence appellant to any term within the applicable
punishment range. See Jackson, 680 S.W.2d at 814. See also Gutierrez v. State, 108
S.W.3d 304, 310 (Tex.Crim.App. 2003) (a recommendation by the State gives the judge
some indication of what justice requires based on the specific circumstances of a case and
it may serve to persuade the judge that a particular sentence is appropriate).
          Our review convinces us that appellate counsel conducted a complete review of the
record. We have also made an independent examination of the entire record to determine
whether there are any arguable grounds which might support the appeal. We agree it presents
no arguably meritorious grounds for review. We grant counsel's motion to withdraw


 and
affirm the judgment of the trial court.
 
                                                                James T. Campbell

                                                                           Justice

 
 
 
 
Do not publish.