NO. 07-08-0307-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 10, 2009
______________________________

AARON JAMEL LEWIS, 

                                                                                                 Appellant

v.

THE STATE OF TEXAS, 

                                                                                                 Appellee
_________________________________

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 50322-B; HON. JOHN BOARD, PRESIDING
_______________________________
 
Memorandum Opinion
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
          Aaron Jamel Lewis pled guilty in 2005 to possessing a controlled substance in a
drug free zone and received deferred adjudication per a plea bargain, and was placed on
probation for four years. On June 24, 2008, the court heard the State’s second amended
motion to proceed with adjudication of guilt. Appellant pled “true” to two of the allegations



and the trial court found by a preponderance of the evidence that the remaining allegations
were true.


 Thereafter, the court adjudicated appellant guilty and sentenced him to fifteen
years confinement. Appellant now argues in two issues that his plea was unknowing and
involuntary because the court informed him of an incorrect range of punishment.


 We
disagree and affirm the judgment.
          It is unclear from appellant’s brief whether he is contesting his original plea or his
plea of true to two of the allegations in the motion to proceed to adjudication of guilt. If it
is the former, appellant was required to raise the matter at the time he was placed on
deferred adjudication. Webb v. State, 20 S.W.3d 834, 836 (Tex. App.–Amarillo 2000, no
pet.). We will therefore not consider it. 
          As to the latter, the trial court is not required to admonish appellant as to the
punishment range at a probation revocation proceeding. Harris v. State, 505 S.W.2d 576,
578 (Tex. Crim. App. 1974). This rule has been extended to include pleas of true entered
in a proceeding to adjudicate guilt, as here. Kinney v. State, No. 04-02-0173-CR, 2002
Tex. App. Lexis 7194 (Tex. App.–San Antonio October 9, 2002, no pet.) (not designated
for publication); Heard v. State, No. 09-00-0532-CR, 2001 Tex. App. Lexis 6887 (Tex. App.
–Beaumont October 10, 2001, no pet.) (not designated for publication). However, even
if the admonishment was required and appellant’s plea of true to those allegations was
involuntary due to an incorrect admonishment, the trial court found appellant had violated
other terms and conditions of his community supervision to which he did not plead true. 
Those violations included fleeing from a peace officer attempting to arrest or detain him,
smoking marijuana, voluntarily remaining at a residence where a criminal act was being
committed, and failing to remain at his place of residence between the hours of 11:00 p.m.
and 6:00 a.m. Appellant does not challenge those findings on appeal, and a finding of true
with respect to any one of those allegations was sufficient to sustain the revocation of
appellant’s community supervision. Atchison v. State, 124 S.W.3d 755, 758-59 (Tex. App.
–Austin 2003, pet. ref’d). 
          Accordingly, we overrule appellant’s issues and affirm the judgment. 
 
                                                                           Brian Quinn 
                                                                          Chief Justice
 
Do not publish.



ses calculated the damages to Gore
to be $84,045. Our review of the record reveals that the only basis for the jury’s $172,000
damage award to Gore is subtracting the $749,000 that SAA paid Gore from the $921,000
total value of the contract. However, as SAA contends, Gore is not entitled to the full
contract value because it did not fully perform. That Gore did not fully perform was also
recognized by the trial court’s instruction to the jury that Gore had not substantially
completed the work on the aircraft. As a result, there is no evidence supporting the jury’s
$172,000 award. Accordingly, we reverse the trial court’s judgment in regard to the
quantum meruit damages suffered by Gore. However, there is legally sufficient evidence
that Gore suffered some damages as a result of SAA’s conduct. But, because the issue
of damages was contested vigorously by SAA, we cannot render judgment for a lesser
amount. Formosa Plastics Corp. v. Presidio Engr. & Contractors, Inc., 960 S.W.2d 41, 51
(Tex. 1998). Instead, we must remand the case for a new trial.


 Id.
          Inasmuch as this issue disposes of this appeal, we will not address SAA’s other
contentions. 
Conclusion
          Having determined that the evidence is legally insufficient as to the award of
$172,000, but that there is sufficient evidence as to some damages, we reverse the
judgment of the trial court and remand the case for a new trial.
 
                                                                           Mackey K. Hancock

                                                                                     Justice