NO. 07-08-0307-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 10, 2009
_____

AARON JAMEL LEWIS,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 50322-B; HON. JOHN BOARD, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Aaron Jamel Lewis pled guilty in 2005 to possessing a controlled substance in a drug free zone and received deferred adjudication per a plea bargain, and was placed on probation for four years. On June 24, 2008, the court heard the State's second amended motion to proceed with adjudication of guilt. Appellant pled "true" to two of the allegations[1]

---

[1]The allegations were that appellant failed to notify his probation officer of his arrest for possession of a controlled substance, possession of marijuana, evading arrest/detention, and failing to remain within the confines of Potter, Randall, and Armstrong counties.

and the trial court found by a preponderance of the evidence that the remaining allegations were true.[2]  Thereafter, the court adjudicated appellant guilty and sentenced him to fifteen years confinement.  Appellant now argues in two issues that his plea was unknowing and involuntary because the court informed him of an incorrect range of punishment.[3]  We disagree and affirm the judgment.

It is unclear from appellant's brief whether he is contesting his original plea or his plea of true to two of the allegations in the motion to proceed to adjudication of guilt.  If it is the former, appellant was required to raise the matter at the time he was placed on deferred adjudication.  *Webb v. State,* 20 S.W.3d 834, 836 (Tex. App.–Amarillo 2000, no pet.).  We will therefore not consider it.

As to the latter, the trial court is not required to admonish appellant as to the punishment range at a probation revocation proceeding.  *Harris v. State,* 505 S.W.2d 576, 578 (Tex. Crim. App. 1974).  This rule has been extended to include pleas of true entered in a proceeding to adjudicate guilt, as here.  *Kinney v. State*, No. 04-02-0173-CR, 2002 Tex. App. LEXIS 7194 (Tex. App.–San Antonio October 9, 2002, no pet.) (not designated for publication); *Heard v. State*, No. 09-00-0532-CR, 2001 Tex. App. LEXIS 6887 (Tex. App. –Beaumont October 10, 2001, no pet.) (not designated for publication).  However, even if the admonishment was required and appellant's plea of true to those allegations was involuntary due to an incorrect admonishment, the trial court found appellant had violated

---

[2]The State waived two of the allegations.

[3]At the time appellant pled true to two of the allegations, the court asked if appellant had been previously informed that the range of punishment for a second degree felony was two to twenty years and a fine up to $10,000.  *See* TEX. HEALTH & SAFETY CODE ANN. §481.115(d) (Vernon 2003).  However, because the offense occurred in a drug free zone, the minimum punishment was increased by five years and the maximum fine was doubled.  *Id.* §481.134(c)(1) (Vernon Supp. 2008).

other terms and conditions of his community supervision to which he did not plead true. Those violations included fleeing from a peace officer attempting to arrest or detain him, smoking marijuana, voluntarily remaining at a residence where a criminal act was being committed, and failing to remain at his place of residence between the hours of 11:00 p.m. and 6:00 a.m. Appellant does not challenge those findings on appeal, and a finding of true with respect to any one of those allegations was sufficient to sustain the revocation of appellant's community supervision. *Atchison v. State*, 124 S.W.3d 755, 758-59 (Tex. App. –Austin 2003, pet. ref'd).

Accordingly, we overrule appellant's issues and affirm the judgment.


Brian Quinn
Chief Justice


Do not publish.