NO. 07-10-00201-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 6, 2012

PAUL DAVID WOLFE, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 55,826-B; HONORABLE JOHN B. BOARD, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**CONCURRING AND DISSENTING OPINION**

The majority's opinion is correct in all respects but one. I join in the opinion's discussion and action with regard to the $400 attorney's fees assessed against appellant Paul David Wolfe after the January 2008 modification of his terms of community supervision and the $825 attorney's fees assessed him after the April 2010 revocation of his community supervision, adjudication of guilt and sentencing. The majority properly modifies the trial court's judgment to eliminate those fees, because the record contains no evidence appellant had the ability to offset the fees in whole or in

part. Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2011); *Mayer v. State,* 309 S.W.3d 552, 556 (Tex.Crim.App. 2010). I agree entirely also with the majority's discussion and disposition of appellant's fourth issue, concerning the sheriff's fees.

My difference with my colleagues concerns appellant's ability to challenge, at this time, the $400 in attorney's fees assessed against him in September 2007 on the occasion of his original plea hearing and placement on deferred-adjudication community supervision.

On his indictment in May 2007, appellant asserted his indigence and was appointed counsel. Pursuant to a plea bargain agreement, he plead guilty and received deferred-adjudication community supervision. A condition of the community supervision order required that appellant pay all court costs including the fee of his appointed counsel. The clerk's record contains a bill of costs issued in September 2007 that lists court-appointed attorney's fees of $400.

The majority is correct that *Armstrong* similarly involved a bill of costs containing attorney's fees assessed on an original plea hearing, a later modification of the terms of community supervision and a later revocation, adjudication and sentencing. *Armstrong v. State,* 340 S.W.3d 759, 761-62 (Tex.Crim.App. 2011). The majority is correct also that, on remand from the Court of Criminal Appeals, the same panel of this court found that none of the attorney's fees were properly assessed because there was no evidence of Armstrong's ability to repay them at any point in the proceedings. We modified the judgment to delete all the attorney's fees assessed against him, including those he agreed to pay as a condition of his original community supervision. *Armstrong v. State,*

2

2011 Tex. App. Lexis 6637 (Tex.App.--Amarillo Aug. 17, 2011, no pet.) (mem. op.) (not designated for publication).  On further consideration, I now believe we erred in doing so.

In *Armstrong,* the Court of Criminal Appeals concluded that on direct appeal of his criminal conviction Armstrong was entitled to review of his claim that insufficient evidence supported the required reimbursement of court-appointed attorney's fees mandated by the clerk's bill of costs issued pursuant to article 103.001 of the Code of Criminal Procedure.  340 S.W.3d at 766-67; Tex. Code Crim. Proc. Ann. art. 103.001 (West 2006) (describing when cost is payable).  It now being clear that courts of appeals are to engage in review of bills of costs[1] on direct appeal of criminal convictions, the question we confront here is whether such review is subject to, or is exempt from, otherwise settled and generally applicable principles of appellate review.

In *Reyes v. State,* 324 S.W.3d 865 (Tex.App.--Amarillo 2010, no pet.), we found that principles set out in *Speth v. State,* 6 S.W.3d 530, 534-35 (Tex.Crim.App. 1999), precluded an appellant from challenging the sufficiency of evidence supporting reimbursement of attorney's fees to which he had agreed as a condition of his deferred-adjudication community supervision.  324 S.W.3d at 867-68; *see Marquez v. State*, No. 07-10-0366-CR, 2011 Tex.App. Lexis 2307 (Tex.App.--Amarillo March 30, 2011, no pet.) (mem. op.) (not designated for publication) (similar holding).  In this present case,

---

[1] In *Armstrong*, the Court of Criminal Appeals quoted the statement of Justice Pirtle that our court is being asked to review bills of costs with increasing frequency. 340 S.W.3d at 763.  Justice Pirtle's statement is even more true now than when made, and one might even say our court is being asked to engage in a function of auditing bills of costs.  As an example, appellant's fourth issue in this appeal challenges the propriety of $171.94 of $196.74 assessed as sheriff's fees in the clerk's bill of costs.

consistent with appellant's application for community supervision, in which he represented he would reimburse the county for compensation paid his appointed counsel, the court's 2007 order deferring adjudication and placing appellant on community supervision ordered him to pay all court costs including the fee of his court-appointed attorney. If applicable to appellant, *Speth* would seem to say that by entering such a transaction, without objection, appellant affirmatively waived any complaint over the assessment of attorney's fees for the 2007 proceedings. *Speth,* 6 S.W.3d at 534-35; *Price v. State,* No. 10-10-0303-CR, 2012 Tex. App. Lexis 3321, at *2-5 (Tex.App.--Waco Apr. 25, 2012, n.p.h.) (mem. op.) (not designated for publication) (following *Speth* and holding defendant should have complained to trial court about condition of community supervision obligating payment of court-appointed attorney's fees at time condition was imposed and by not complaining he affirmatively accepted condition and forfeited any complaint).

The majority finds *Speth* does not control the issue, asserting appellant is not complaining about the terms and conditions of his community supervision. *Wolfe v. State*, No. 07-10-0201-CR, slip op. at 7 (citing *Speth*, 6 S.W.3d at 532-34). But it seems to me the substance of appellant's complaint is exactly that, a complaint about the condition of his community supervision that he repay the $400 attorney's fees, a complaint based on an insufficiency of evidence he had the ability to repay that amount. *See Mayer*, 309 S.W.3d at 558 n.3 (Keasler, J., dissenting) (citing *Speth*, 6 S.W.3d at 531 n.1, for proposition imposition of probation conditions is not appropriate for sufficiency review); *Speth*, 6 S.W.3d at 534 n.8 (citing Tex. Code Crim. Proc. Ann. art. 42.12 § 11(b), and pointing out defendant can affirmatively waive complaint even to

4

prohibited probation terms by entering into probation containing such terms, without objection).

Under other generally-applied principles, if appellant wished to complain of attorney's fees taxed against him through the 2007 order of deferred-adjudication community supervision, he was required to raise the issue in a timely-filed appeal of that order.[2] *Manuel v. State,* 994 S.W.2d 658, 661-62 (Tex.Crim.App. 1999) (defendant placed on deferred adjudication community supervision must challenge the order when community supervision is imposed, not after revocation of community supervision); *Webb v. State,* 20 S.W.3d 834, 835-36 (Tex.App.--Amarillo 2000 no pet.). But appellant did not raise the issue until the present appeal following his 2010 adjudication. To the extent, then, that his notice of appeal was intended to reach the 2007 order, it was untimely. Tex. R. App. P. 26.2(a). In the absence of a timely-filed notice of appeal, our jurisdiction is not invoked. *Olivo v. State,* 918 S.W.2d 519, 523 (Tex.Crim.App. 1996) (on an appellant's defective attempt to perfect appeal court of appeals lacks jurisdiction and must dismiss the case); *Sepeda v. State,* No. 07-08-0385-CR, 2010 Tex. App. Lexis 1132, at *8 (Tex.App.--Amarillo Feb. 17, 2010, pet. denied) (mem. op.) (not designated for publication) (finding no jurisdiction to review, on direct appeal of judgment of conviction, portion of court-appointed attorney's fees ordered paid when defendant was placed on deferred-adjudication community supervision).

---

[2] The record contains appellant's "waiver of appeal after sentence has been imposed in accordance with plea bargain agreement," signed by appellant and his counsel at the time appellant's adjudication was deferred. Accordingly, the trial court's certification following the deferral of adjudication states appellant had no right of appeal and he waived the right of appeal. *See* Tex. R. App. P. 25.2(a)(2); *Hargesheimer v. State*, 182 S.W.3d 906, 913 (Tex.Crim.App. 2006) (holding in plea bargain case for community supervision, plea bargain is complete at time defendant enters plea of guilty in exchange for deferred-adjudication community supervision).

The majority finds *Olivo* inapposite because it involved a late notice of appeal and because, the majority says, appellant is not "attempting to appeal the September 2007 order placing him on deferred adjudication." *Wolfe v. State,* No. 07-10-0201-CR, slip op. at 4. But, again, it seems to me the substance of his complaint actually is directed at the September 2007 order. Appellant is attempting to appeal the obligation imposed on him to repay the 2007 attorney's fees, asserting there is insufficient evidence he had the ability to do so, and that obligation was imposed in the September 2007 order. A characterization of that obligation as arising from the May 2010 judgment, making his appeal of it timely, seems artificial.[3]

The Court of Criminal Appeals' *Armstrong* opinion contains a reference to *Speth* and *Reyes*, in a paragraph of the opinion describing the arguments made by the State. 340 S.W.3d at 764. The opinion contains no further reference to either case, however, and the Court remanded Armstrong's evidentiary-sufficiency argument to this court, leading my colleagues to infer that the Court implicitly rejected the State's contention that *Speth* has application to our review of attorney's fees listed in bills of cost issued after revocation of community supervision. *See Derby v. State,* No. 09-11-0256-CR, 2011 Tex. App. Lexis 9810 (Tex.App.--Beaumont Dec. 14, 2011, no pet.) (mem. op.) (not designated for publication) (following *Armstrong*, and also making reference to State's argument in that case; even though condition of appellant's community supervision required repayment of court-appointed attorney's fees, because no

---

[3] By its conclusion that no question of this court's jurisdiction is raised by appellant's appeal, the majority may be using the term "jurisdiction" in the sense of the court's power to hear and determine a case. We lack jurisdiction under *Olivo* to hear untimely-filed appeals because our jurisdiction has not been legally invoked. *See Olivo*, 918 S.W.2d at 523.

6

evidence supported assessment of these fees in judgment on revocation, judgment was modified to delete amount of attorney's fees).

I now regard that view as reflecting an overly-broad reading of *Armstrong*. I do not read *Armstrong* as negating the application of *Speth, Manuel* or *Olivo* in the analysis of challenges to assessment of attorney's fees imposed as a condition of community supervision on direct appeal following revocation, even when that challenge is brought to fees assessed only in a certified bill of costs. *See Leonard v. State,* No. PD-0551-10, 2012 Tex. Crim. App. Lexis 477, at *15-17 (Tex.Crim.App. Mar. 7, 2012) (citing *Speth*).

Accordingly, I would dismiss appellant's challenge of attorney's fees ordered repaid as a condition of community supervision in 2007. I would modify the judgment to limit the amount of court-appointed attorney's fees taxed to appellant as a cost of court to $400, and otherwise affirm the judgment. To the extent the majority modifies the judgment by addressing the 2007 attorney's fees, I respectfully dissent.


James T. Campbell
Justice


Publish.