**Opinion filed July 14, 2016**



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00116-CR

_____

## ALFREDO ARREOLA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 29th District Court**

**Palo Pinto County, Texas**

**Trial Court Cause No. 12633**

## M E M O R A N D U M   O P I N I O N

Appellant, Alfredo Arreola, pleaded guilty to aggravated robbery on February 11, 2005. The trial court admonished him of his rights and found sufficient evidence to support his guilty plea. The court deferred the adjudication of his guilt and placed him on community supervision for ten years. The State subsequently

moved to revoke Appellant's community supervision and adjudicate his guilt.[1]  The trial court held a hearing and found the State's allegations to be "true."  The trial court then adjudicated Appellant guilty of the charged offense, assessed punishment at confinement for thirty years, and sentenced him accordingly.

Appellant asserts in the first of two issues on appeal that his Sixth Amendment right to effective assistance of counsel was violated when counsel failed to advise him of the immigration consequences of his plea.  In his second issue, he asserts that the trial court's judgment is contrary to the actual record because he pleaded "not true" to the State's allegations.  We modify and affirm.

## I. *Evidence at Hearing*

Appellant, as part of a plea agreement in 2005, agreed to deferred adjudication, ten years of community supervision, and a $4,000 fine.[2]  In its motion to proceed with adjudication, the State alleged numerous violations of the terms and conditions of Appellant's community supervision, including the failure to report and the failure to pay his fine and fees.

Appellant appeared at the hearing in 2015, and the trial court entered a "not true" plea for him.  Gary Lively, a sheriff's deputy with the Palo Pinto County Sheriff's Department, testified about the events surrounding Appellant's initial arrest for armed robbery.  Deputy Lively, at the time of the offense, was a patrolman for the Mineral Wells Police Department; he arrested Appellant, who was driving the victim's car, immediately after the robbery.  Chester Watkins, a community supervision officer for Palo Pinto County, testified that Appellant was the same

---

[1]The State first moved to adjudicate in 2005 and withdrew it in 2006, then filed another motion in 2011 and amended that motion after Appellant's arrest in 2015.

[2]The terms and conditions of community supervision that the trial court imposed upon Appellant included, among other things, that Appellant must avoid persons or places of disreputable or harmful character, report to the community supervision officer monthly, remain in the county unless given written permission to leave, complete 600 hours of community service, and pay $4,573 in combined court costs, restitution, and fees.

defendant from 2005 and that Appellant, after the initial intake in 2005, failed to report during any month thereafter. Watkins also testified that he had no record that Appellant had paid any of the "supervision fees."

## II. *Analysis*

Appellant asserts an ineffective assistance of counsel claim. We interpret Appellant's argument to be that the ineffective assistance occurred either at the revocation hearing in 2015 or at the original plea hearing in 2005, or both. He also asserts that the trial court's judgment should be reformed. We will first address both ineffective assistance contentions followed by Appellant's claim that we should reform the trial court's judgment.

### A. *2015 Revocation and Adjudication Hearing*

Appellant seems to assert that ineffective assistance of counsel arose "[w]hen Appellant was before the trial court in the first amended motion to proceed to adjudication hearing [because] he was not admonished as to the immigration consequences" found in Article 26.13(a)(4) of the Texas Code of Criminal Procedure. However, general plea admonitions do not apply to a revocation proceeding. *Gutierrez v. State*, 108 S.W.3d 304, 309–10 (Tex. Crim. App. 2003) ("[I]n the context of revocation proceedings, the legislature has not . . . required the court to . . . admonish the defendant pursuant to 26.13."); *Spafford v. State*, No. 11-10-00100-CR, 2011 WL 3793327, at *1 (Tex. App.—Eastland Aug. 25, 2011, no pet.) (mem. op., not designated for publication). Appellant is not entitled to *Padilla* style plea admonitions at a revocation hearing. *See Padilla v. Kentucky*, 559 U.S. 356, 371–74 (2010); *Gutierrez*, 108 S.W.3d at 309–10; *Spafford*, 2011 WL 3793327, at *1. Furthermore, Appellant provides no authority that *Padilla* extends beyond guilty pleas to revocation or adjudication hearings. Because the trial court was not required to give general plea admonitions at the hearing in which the trial court

revoked Appellant's community supervision and adjudicated his guilt, we overrule this part of Appellant's first issue.

## B. 2005 Original Plea Hearing

Appellant also asserts that he was denied effective assistance of counsel when he "received no immigration consequence warning that his plea of guilty would result in certain deportation." A defendant may appeal issues relating to the original proceeding "only" in an appeal taken when the trial court first imposed the deferred adjudication community supervision. *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). We may not address an issue related to the original guilty plea hearing in an appeal brought after the revocation of community supervision, as the issue was not timely asserted. *Perez v. State*, 424 S.W.3d 81, 86 (Tex. Crim. App. 2014) (citing *Manuel*, 994 S.W.2d at 661–62). Appellant did not raise his complaint about the 2005 hearing until after the revocation of his community supervision; his complaint was, therefore, untimely. *See Perez*, 424 S.W.3d at 86; *Manuel*, 994 S.W.2d at 662; *Webb v. State*, 20 S.W.3d 834, 836 (Tex. App.—Amarillo 2000, no pet.) (compliance with Article 26.13 was a matter that should have been raised via appeal from the judgment in which the trial court deferred the adjudication of guilt). We overrule the remainder of Appellant's first issue.

## C. Modification

The State agrees that the trial court's judgment erroneously reflects that Appellant pleaded "TRUE" to the State's motion when, in fact, Appellant did not enter a plea of true. This court has authority to modify a trial court's judgment to reflect the truth, when we have the necessary information to do so, and then affirm the judgment as modified. TEX. R. APP. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992). We sustain Appellant's second issue.

### III. *This Court's Ruling*

We modify the trial court's judgment to reflect that Appellant entered a plea of "NOT TRUE" to the State's motion, and we affirm as modified.


MIKE WILLSON

JUSTICE


July 14, 2016

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.