Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




# OPINION

No. 04-10-00752-CR

## EX PARTE MARCUS CRUZ

From the 79th Judicial District Court, Jim Wells County, Texas
Trial Court No. 08-05-12377-CR
Honorable Richard C. Terrell, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:       Catherine Stone, Chief Justice
               Sandee Bryan Marion, Justice
               Steven C. Hilbig, Justice

Delivered and Filed:  May 4, 2011

AFFIRMED

In the underlying criminal proceeding, appellant pled not guilty to theft of property of the value of $20,000 or more.  During his jury trial, a State witness testified to evidence that the trial court had earlier ruled would not be admissible at trial.  The trial court granted appellant's motion for a mistrial, which the State did not oppose.  Appellant then filed a writ of habeas corpus claiming any subsequent trial was barred by double jeopardy.  The trial court denied the writ and this appeal ensued.  We affirm.

## DISCUSSION

The Double Jeopardy Clause of the Fifth Amendment protects a criminal defendant from repeated prosecutions for the same offense.  *United States v. Dinitz*, 424 U.S. 600, 606 (1976).  A

defense-requested mistrial is jeopardy-barred only when the prosecutorial "conduct giving rise to the successful motion for a mistrial was intended to provoke [or goad] the defendant into moving for a mistrial." *Oregon v. Kennedy*, 456 U.S. 667, 676, 679 (1982); *Ex parte Lewis*, 219 S.W.3d 335, 371 (Tex. Crim. App. 2007) (adopting *Oregon v. Kennedy* standard).

An applicant seeking habeas corpus relief must prove his claim by a preponderance of the evidence. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). In reviewing a trial court's decision on an application for writ of habeas corpus, we review the facts in the light most favorable to the trial court's ruling, and we will uphold the ruling absent an abuse of discretion. *Id.* In this case, viewing the record in the light most favorable to the trial court's ruling, we conclude no action by the prosecution indicates that it had either the intent to goad appellant into a mistrial or the intent to avoid the possibility of appellant's acquittal.

Appellant was charged with master-minding the unlawful appropriation of United States currency and various watches. During the investigation of the offense, City of Alice police officer David Espinoza and other officers discovered $5,300.00 in cash inside the wall of the house of one of the co-defendants. Additional money, the source of which is not clear from the record or the appellate briefs, was also given to appellant's defense attorney, who in turn gave the money to the Alice Police Department.

Prior to trial, appellant filed a motion in limine to prevent reference to the currency that appellant's attorney had given to the police department. The trial court granted the motion. Also prior to the trial, the defense and State reviewed the list of exhibits, which included two photographs that depicted the money subject to the court's order on the motion in limine. When appellant objected to the inclusion of the two photographs, Exhibits 31 and 32, the prosecutor removed the two exhibits from his exhibit binder. All other exhibits that were reviewed prior to

trial were admitted with the agreement that no predicate was necessary for their admissibility. During its case-in-chief, the State called Officer Espinoza to the stand. During his testimony, the State showed Espinoza a variety of photographs about which he testified, including photos of the building that was burglarized, the area around the building, and the $5,300.00 recovered from inside the wall of the house.

When asked what was found inside the co-defendant's house, Officer Espinoza testified as follows:

A.   Okay. What was found in his house in a hole - - a hole in the wall in the hallway was a sock. It was found by Corporal Hinojosa. Corporal Hinojosa pulled up the sock and found $5,300 in cash all in one hundred dollar bills.

. . .

Q.   Okay. Officer, I'm going to show you State's Exhibits 16 and 17 and ask you if you can identify that.

A.   Yes. That is the money that was found, Exhibit 17. It was found, the rolled-up $5,300 bills rolled up in the sock. And this is the hole, Exhibit No. 16 is the hole, a photo of the hole in the wall where the money was hidden.

. . .

Q.   . . . I want to hand you over 18, Exhibit - - State's Exhibit 18, 19, 20, 21. You take those - - you already testified to those, right? And can you - - if you can identify those exhibits.

A.   Exhibit 18 is a - - is the money - -

Q.   Is that - - yes. Excuse me. Go ahead. Continue with your answer.

A.   Exhibit 18 is a photo of the money that was found in the hole in the wall that was spread out. It was laid on top of a TV or DVD.

Q.   Is that the $5,300 you were talking about?

A.   Yes.

Q.   That was found in the sock?

A.  Yes.

Q.  All right.

A.  Exhibit 19 is the same photo, just money's a little more spread out.

Q.  Let me stop you.  On - - what is significant about the spread-out monies that are there?

A.  Well, the - - it was later determined that some of the money was in sequence.

Q.  In sequence. What does that mean?

A.  Serial numbers are one after another.

Q.  And what denominations were they?

A.  One hundred dollar bills.

Q.  *Okay.*  [Emphasis added.]

A.  *Exhibit 20 and 21 is [sic] the money brought in by his - - brought in by one of his attorneys.*  [Emphasis added.]

At this point, before defense counsel had an opportunity to object, the court stopped the examination, sent the jury out, and addressed the witness's violation of the limine order.  The State said it had told the witness not to mention any money given to defense counsel and, in any event, that the witness was mistaken because Exhibits 20 and 21 were not photos of the money given to counsel, but instead, were photos of the money found inside the wall.  Nevertheless, the trial court granted appellant's motion for a mistrial.  At the hearing on appellant's motion for writ of habeas corpus, the trial court determined Officer Espinoza had made "an honest mistake" and the prosecutor did not have "any intention to try to solicit testimony in violation of the Court's ruling on the Motion in Limine."

On appeal, appellant asserts that the State's methodology — identifying the exhibit number and asking the officer to identify the contents of the photos — set the stage for the officer to identify the money in Exhibits 20 and 21 as the money given to defense counsel. Appellant also contends the State's use of the word "okay" was tantamount to encouraging the witness to violate the limine order. We disagree.

The State had instructed Officer Espinoza not to refer to the money given to defense counsel and had removed the exhibits subject to the limine order before Officer Espinoza was questioned. Following a series of questions about why the money was spread out in the photos, Officer Espinoza gave his unsolicited — and incorrect — testimony that the money in Exhibits 20 and 21 had been given to the attorney. We conclude the record, when viewed in favor of the trial court's ruling, supports a finding that Officer Espinoza's statement was not attributable to the State's action or inaction. The record also supports a finding that the State could not have anticipated the statement. Most significantly, the record shows no intentional prosecutorial misconduct either to provoke appellant to move for a mistrial or to avoid appellant's acquittal. Therefore, appellant has not carried his burden to show that the State's re-prosecution of him is jeopardy-barred. Accordingly, we affirm the trial court's order.

Sandee Bryan Marion, Justice

Publish