

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-16-00275-CR

VICTOR MANUEL PENA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 287th District Court
Parmer County, Texas
Trial Court No. 3306, Honorable Gordon Houston Green, Presiding

May 22, 2018

OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

Appellant Victor Manuel Pena pled guilty in 2012, pursuant to a plea agreement, to the offense of delivery of cocaine, in an amount more than four grams but less than 200 grams.[1] He now appeals from the trial court's order adjudicating him guilty of the offense, revoking his community supervision, and sentencing him to six years of incarceration. In his appellate brief, appellant contends the trial court erred by denying

---

[1] See TEX. HEALTH & SAFETY CODE ANN. § 481.112 (West 2015).

his motion to set aside his 2012 plea of guilty because his attorney provided him ineffective assistance by failing to properly advise him of the deportation consequences of his plea. We affirm the trial court's judgment.

Background

After appellant, a legal resident with a green card, was indicted for delivery of the controlled substance, he entered into a plea agreement with the State. Appellant agreed to waive rights, including his right to a jury trial, in exchange for a recommended sentence deferring his adjudication of guilt for six years and placing him on community supervision. After a hearing, the court accepted appellant's plea of guilty, placed appellant on deferred adjudication community supervision for the agreed-upon period of six years, and signed an order of deferred adjudication consistent with the plea agreement. The court certified that appellant had no right to appeal the plea-bargained case, and that appellant waived the right of appeal. No notice of appeal was filed.

In 2016, the trial court held a hearing on the State's motion to adjudicate appellant's guilt. The State alleged appellant violated the conditions of his community supervision in several ways, among others by leaving the county and the State without permission on two occasions, by failing to report for many months, by committing new criminal offenses, and by failing to report arrests to his community supervision officer. At the hearing, represented by new counsel, appellant raised a motion to set aside his plea of guilty. As grounds for that motion, appellant argued his original counsel never told him he would be deported as a result of his guilty plea.

2

The trial court heard testimony from appellant and from his original counsel. Under questioning by appellant's counsel, his original counsel testified contrary to appellant's assertion. She said that before appellant's plea, she and appellant had a "very detailed conversation about immigration, deportation, naturalization, and all that comes with a felony deferred conviction." The court denied appellant's motion to set aside his guilty plea, finding he had not established either that his original counsel's performance fell below an objective standard of reasonableness, or that a reasonable probability existed that the results of the proceeding would have been different but for any ineffectiveness.

After his motion was denied, appellant pled "true" to each of the allegations in the State's motion to adjudicate guilt and the court adjudicated him guilty, revoked his community supervision and sentenced him as noted.

Analysis

In this appeal, appellant argues the trial court erred by denying his motion to set aside his plea of guilty. He continues to assert his original counsel rendered him ineffective assistance through her inadequate advice concerning the immigration consequences of his plea. We agree with the State that appellant's contention must fail, but for reasons different than those argued by the State.

In *Manuel v. State,* 994 S.W.2d 658 (Tex. Crim. App. 1999), the court held the defendant, in his appeal of his adjudication of guilt, could not raise issues concerning his conviction that could have been raised when his deferred adjudication was first imposed. The defendant argued that the evidence presented in his original plea proceeding was insufficient to prove his guilt. *Id.* The Court of Criminal Appeals stated: "a defendant

3

placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding, such as evidentiary sufficiency, only in appeals taken when deferred adjudication community supervision is first imposed." *Id.* at 661-62. As we later held, the holding of the *Manuel* opinion is not limited to issues of evidentiary insufficiency. *Webb v. State,* 20 S.W.3d 834, 836 (Tex. App.—Amarillo 2000, no pet.) (*Manuel* barred post-adjudication appeal, following deferral, asserting involuntariness of guilty plea); *see also* George E. Dix & John M. Schmolesky, 43B TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 56:86 (3d ed. 2011).

In its 1985 decision in *Hill v. Lockhart*, the United States Supreme Court held that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." 474 U.S. 52, 58 (1985) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). *Padilla v. Kentucky* applied the *Strickland* standard to a claim that the defendant's lawyer failed to provide needed advice about the deportation consequences of a plea of guilty. 559 U.S. 356, 366 (2010); *see Chaidez v. United States*, 568 U.S. 342 (2013) (describing nature of *Padilla* holding); *Ex parte Torres*, 483 S.W.3d 35, 46 (Tex. Crim. App. 2016) ("*Padilla* requires that counsel give a defendant accurate legal advice about the 'truly clear' consequences of a plea of guilty to an offense that, as a matter of law, renders him 'subject to automatic deportation'"). For the prejudice prong of the *Strickland* test in guilty-plea challenges, the Court of Criminal Appeals has adopted the standard stated by the Supreme Court in *Hill*. *Torres*, 483 S.W.3d at 47 (citing *Hill*, 474 U.S. at 60). By that standard, when a defendant enters a guilty plea with the advice of counsel and challenges the validity of the plea with a claim of ineffectiveness of counsel, the prejudice inquiry asks "whether there is a reasonable probability that, but

4

for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  483 S.W.3d at 47 (citations omitted).

Like other instances in which a defendant's plea is induced by ineffective assistance of counsel, counsel's failure to abide by *Padilla* renders a guilty plea involuntary if the required prejudice is shown.  *See Ex parte Aguilar*, 537 S.W.3d 122, 129 (Tex. Crim. App. 2017) (incorrect advice under *Padilla* rendered plea involuntary); *Ex parte Moussazadeh*, 361 S.W.3d 684, 688-89 (Tex. Crim. App. 2012) ("[c]ounsel's advice can provide assistance so ineffective that it renders a guilty plea involuntary").

The involuntariness of a guilty plea, however, does not alone make the judgment of conviction void.  *Jordan v. State*, 54 S.W.3d 783, 785 (Tex. Crim. App. 2001) (*citing Custis v. United States,* 511 U.S. 485, 496 (1994)); *Davila v. State,* No. 07-14-00408-CR, 2016 Tex. App. LEXIS 12414, at *6 (Tex. App.—Amarillo Nov. 17, 2016, pet. ref'd) (mem. op., not designated for publication) ("'involuntary plea' preceding deferred adjudication community supervision does not render the later judgment of conviction void"); *Cordero v. State,* No. 12-12-00365-CR, 2013 Tex. App. LEXIS 9540, at *2 (Tex. App.—Tyler July 31, 2013, pet. ref'd) (mem. op., not designated for publication) ("[e]ven if meritorious, a plea of ineffective assistance of counsel does not make a conviction void").  For that reason, the "void judgment" exception to *Manuel* does not apply here.  *See Nix v. State*, 65 S.W.3d 664, 668 (Tex. Crim. App. 2001) (applying void judgment exception in deferred adjudication context, but describing "very rare situations" in which judgment of conviction is void).

As noted, appellant pled guilty and received deferred adjudication community supervision. All of the events of which appellant now complains occurred before or during the original plea hearing. He may not raise, in his appeal of the adjudication of his guilt, the issue of his trial counsel's compliance with her obligations under *Padilla v. Kentucky*. *Ex parte Aguilar*, 537 S.W.3d at 129; *Manuel*, 994 S.W.2d at 661-62; *Webb,* 20 S.W.3d at 836.

We overrule appellant's single issue and affirm the trial court's judgment.


James T. Campbell
Justice


Publish.