

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

## No. 07-19-00416-CV
_____

### IN RE STEVEN BOYD, RELATOR

Original Proceeding
Arising From Proceedings Before the 47th District Court
Randall County, Texas
Trial Court No. 24,143-A; Honorable Dan L. Schaap, Presiding

January 9, 2020

## MEMORANDUM OPINION

### Before PIRTLE, PARKER, and DOSS, JJ.

Relator, Steven Boyd, an inmate proceeding *pro se* and *in forma pauperis*, seeks a writ of mandamus to compel the Honorable Dan L. Schaap, presiding judge of the 47th District Court, to declare a 2014 judgment of conviction void. For the reasons expressed herein, we deny the requested relief.

This original proceeding is just another attempt by Relator to re-litigate his 2014 robbery conviction in trial court cause number 24,143-A, a charge to which he entered a plea of guilty and waived his right of appeal. The arguments he presents by this original proceeding mirror arguments previously addressed by this court.[1]

MANDAMUS STANDARD OF REVIEW

Mandamus is an extraordinary remedy granted only when a relator can show that (1) the trial court abused its discretion and (2) that no adequate appellate remedy exists. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). When seeking mandamus relief, a relator bears the burden of proving these two requirements. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

To establish an abuse of discretion, the relator must demonstrate the trial court acted unreasonably, arbitrarily, or without reference to any guiding rules or principles. *See Downer v. Aquamarine Operators*, *Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). To establish no adequate remedy by appeal, the relator must show there is no adequate remedy at law to address the alleged harm and that the act requested is a ministerial act,

---

[1] This court dismissed the appeal from the robbery conviction based on the *Trial Court's Certification of Defendant's Right of Appeal,* finding "no right of appeal," after he pleaded guilty and voluntarily, knowingly, and intelligently waived his right to appeal. *See Boyd v. State*, No. 07-14-00245-CR, 2014 Tex. App. LEXIS 8445 (Tex. App.—Amarillo Aug. 1, 2014, no pet.) (mem. op., not designated for publication); *Boyd v. State*, No. 07-14-00245-CR, 2014 Tex. App. LEXIS 9377 (Tex. App.—Amarillo Aug. 22, 2014) (op. on reh'g) (mem. op., not designated for publication). Mandate issued in that appeal on November 11, 2014. This court subsequently denied Relator's attempt to challenge his robbery conviction via a writ of mandamus. *In re Boyd*, No. 07-15-00209-CV, 2015 Tex. App. LEXIS 7156 (Tex. App.—Amarillo July 10, 2015, orig. proceeding). Relator has also filed suits against the trial judge, the prosecutor, his common law wife, and a police officer for alleged violations of his due process rights during the robbery case. *See Boyd v. Love*, No. 07-17-00081-CV, 2017 Tex. App. LEXIS 9579 (Tex. App.—Amarillo Oct. 11, 2017, pet. denied) (mem. op.); *Boyd v. Jones*, No. 07-18-00112-CV, 2019 Tex. App. LEXIS 4048 (Tex. App.—Amarillo May 17, 2019, no pet.) (mem. op.).

not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Furthermore, in order to establish a ministerial act, a relator must also show (1) a legal duty to perform; (2) a demand for performance; and (3) a refusal to act. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979).

### ANALYSIS

Once again, Relator asks this court to compel Judge Schaap to declare the 2014 judgment of conviction void. He also complains of his trial counsel's advice to plead guilty after the trial court denied a motion to suppress. As this court previously noted, Relator had an adequate remedy at law to complain of a suppression ruling but waived that right in a plea bargain exchange. *See In re Boyd*, No. 07-15-00209-CV, 2015 Tex. App. LEXIS 7156, at *2-3 (Tex. App.—Amarillo July 10, 2015, orig. proceeding).

Relator carries a heavy burden in attempting to have his conviction declared void. His numerous attempts to do so have all failed. As to Relator's claim of ineffective assistance of counsel, we note that even a substantiated claim of ineffective assistance of counsel alone will not render a conviction void. *See Pena v. State*, 551 S.W.3d 367, 370 (Tex. App.—Amarillo 2018, no pet.).

Furthermore, Relator seeks to have this court order Judge Schaap to rule in a particular way—something we do not have the authority to do. Consequently, this court will not compel Judge Schaap to declare Relator's 2014 robbery conviction void based on an alleged claim of ineffective assistance of counsel.

3

**CONCLUSION**

Relator's petition for writ of mandamus is denied.

Patrick A. Pirtle
Justice