

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-21-00177-CR
_____

EX PARTE ELIZABETH DOMINGUEZ

On Appeal from the 242nd District Court
Hale County, Texas
Trial Court No. B43669-2102, Honorable Kregg Hukill, Presiding

June 28, 2022

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Elizabeth Dominguez, appeals the trial court's denial of her application for writ of habeas corpus. Appellant contends that the trial court erred by failing to find that her acceptance of a plea bargain was the result of ineffective assistance of counsel. We affirm the trial court's judgment.

## BACKGROUND

On February 24, 2021, appellant filed an application for writ of habeas corpus relating to an order of deferred adjudication entered on September 11, 2017. Appellant was placed on six years' deferred adjudication as a result of a plea bargain on a charge

of possession of a controlled substance. Specifically, her application challenged whether she received effective assistance of counsel in entering her plea to the offense.

On August 19, 2016, Texas Department of Public Service Trooper Corey Kernell pulled over a vehicle driven by Jefferson Rodas for speeding. Appellant was a passenger in the vehicle. Kernell asked Rodas if he could search the vehicle, but Rodas refused. Based on Rodas's high level of anxiety, Kernell called for a narcotic-detecting canine. While Kernell waited on the canine, he spoke with appellant. When he asked her if there was anything illegal in the vehicle, appellant initially stated, "not that I know of." After Kernell indicated that he thought there was contraband in the vehicle, appellant responded by saying "okay" while shaking her head in the affirmative. Once the canine arrived, it alerted on the vehicle leading to a search of the vehicle. A green leafy substance assumed to be marijuana was found in the trunk of the vehicle, along with THC-infused candies and drinks. A hand-rolled cigarette containing a green leafy substance was found in a clear plastic cup in the passenger-side door where appellant had been sitting. Additionally, officers indicated that they smelled a strong odor of marijuana in the passenger compartment of the vehicle. After locating the contraband, Kernell read Rodas his *Miranda* warnings and then asked Rodas to whom the contraband belonged. Rodas indicated that it was his and that appellant knew nothing about it. However, when Kernell repeated the question, Rodas did not respond. Following the arrest of Rodas and appellant, appellant apologized to Rodas while in the back of the patrol car.

Appellant was ultimately charged with intentionally or knowingly possessing a controlled substance, namely tetrahydrocannabinol, in an amount of 400 grams or more.[1] Subsequently, appellant hired David Martinez to represent her. She met with Martinez prior to her first required court appearance. Martinez informed appellant that he had reviewed the discovery provided by the State. They discussed the incident leading to appellant's arrest, including the facts reflected in the arresting officer's report and the video recording of the arrest. Appellant informed Martinez that Rodas was willing to testify that the contraband in the trunk was his and that appellant had no knowledge of it. Martinez ultimately advised appellant to accept the State's plea bargain offer of six years' deferred adjudication community supervision because he believed that the State would be able to sufficiently "link" appellant to the contraband in the trunk. Appellant claims that Martinez also told her that, upon successful completion of community supervision, she would be able to have the arrest expunged from her record. Appellant ultimately chose to follow Martinez's advice and agreed to the plea bargain. As part of her plea, appellant signed paperwork that expressly indicates that she was satisfied with trial counsel's competence and representation. The trial court accepted her plea bargain and placed her on six years' deferred adjudication community supervision.

Approximately three and a half years after being placed on deferred adjudication community supervision, appellant filed the instant application for writ of habeas corpus. She argues that Martinez's counsel was ineffective for advising her to accept the State's plea bargain offer without adequately investigating the facts and law relevant to appellant's case and incorrectly advising her that she could have her deferred

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.116(a), (e).

3

adjudication community supervision expunged from her record after its completion. Appellant also contends that Martinez's ineffective assistance led to her accepting the plea when she would have gone to trial if she had been properly advised. The trial court, after considering the pleadings, evidence, and argument of counsel, denied the application. The trial court included findings of fact and conclusions of law in its order denying appellant's application. Appellant timely filed her notice of appeal.

By her appeal, appellant presents one issue. She contends that the trial court erred in denying her application because the evidence does not support the trial court's arbitrary decision to adopt Martinez's version of events as "fact" and the undisputed evidence establishes that Martinez provided ineffective assistance of counsel.

## STANDARD OF REVIEW

In reviewing a trial court's decision to grant or deny habeas relief, an appellate court views the facts in the light most favorable to the trial court's ruling and will uphold the ruling absent an abuse of discretion. *See Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006). A trial court does not abuse its discretion if its ruling lies within the zone of reasonable disagreement. *Bigon v. State*, 252 S.W.3d 360, 367 (Tex. Crim. App. 2008).

When an applicant seeks habeas relief from an order that imposes community supervision, the trial court is the sole finder of fact. *Ex parte Torres*, 483 S.W.3d 35, 42 (Tex. Crim. App. 2016). On review, we give almost total deference to a trial court's factual determinations when supported by the record, especially when those determinations are based on credibility and demeanor. *Ex parte Garcia*, 353 S.W.3d 785, 787 (Tex. Crim.

4

App. 2011).  We afford the same deference to the trial court's mixed questions of law and fact if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor.  *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (per curiam), *overruled on other grounds by, Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007).  However, the appellate court reviews trial court rulings on mixed questions of law and fact that do not turn on credibility and demeanor de novo.  *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007).

## LAW AND ANALYSIS

An applicant seeking habeas relief must prove her claim by a preponderance of the evidence.  *Ex parte Cruz*, 350 S.W.3d 166, 167 (Tex. App.—San Antonio 2011, orig. proceeding).  In assessing the validity of a guilty plea, we determine whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.  *State v. Guerrero*, 400 S.W.3d 576, 588 (Tex. Crim. App. 2013) (citing *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970)).

When the challenge to a guilty plea is based on ineffective assistance of counsel, courts apply the two-pronged *Strickland* test.  *Pena v. State*, 551 S.W.3d 367, 369–70 (Tex. App.—Amarillo 2018, no pet.) (citing *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985)).  The *Strickland* test requires appellant to show that: (1) counsel's performance was deficient, in that it fell below an objective standard of reasonableness, and (2) appellant was prejudiced by counsel's deficient performance, in that in the absence of counsel's errors, there is a reasonable probability that the result would have been different.  *Ex parte Chandler*, 182 S.W.3d 350, 353 (Tex. Crim. App.

2005) (order) (citing *Strickland v. Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)).  Reviewing courts indulge a strong presumption that counsel's conduct fell within the range of reasonable professional assistance.  *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009).  The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.  *Ex parte Moody*, 991 S.W. 2d 856, 857–58 (Tex. Crim. App. 1999).  In proving the prejudice prong in the context of a guilty plea, the defendant must show that there is a reasonable probability that, but for counsel's deficient performance, she would not have pleaded guilty and would have insisted on going to trial.  *Ex parte Torres*, 483 S.W.3d at 43.  The defendant bears the burden to prove both *Strickland* prongs by a preponderance of the evidence.  *See Ex parte Martinez*, 330 S.W.3d 891, 901 (Tex. Crim. App. 2011).

Appellant contends that Martinez's assistance was deficient because he failed to identify discrepancies within the discovery provided to counsel before trial.  Specifically, appellant points out that Kernell's arrest report indicates that Rodas did not respond to Kernell's direct question whether appellant knew about the contraband in the trunk of the vehicle.  However, the video shows that Kernell asked Rodas this direct question twice and that Rodas responded to the first question by stating that appellant knew nothing about the contraband.  Additionally, appellant contends that her statement that she was not present when the vehicle was being loaded was the result of custodial interrogation, yet the video does not reflect that appellant was first given her *Miranda* warnings.  She contends that the only evidence linking her to the contraband is the presence of a "small hand-rolled cigarette containing a green leafy substance in a clear plastic cup in the door

6

where [appellant] had been sitting." She claims that, simply put, the State did not have enough evidence linking her to the contraband to justify Martinez's advice to accept the State's plea offer.

We begin our review of Martinez's performance mindful that "[t]he right to counsel encompasses reasonably effective, not perfect, representation." *Luckette v. State*, 906 S.W.2d 663, 666 (Tex. App.—Amarillo 1995, pet. ref'd). Martinez's affidavit indicates that he thoroughly reviewed the discovery provided by the State, including the videos of appellant's detention and arrest. Martinez explained that he did not feel that a jury would afford credibility to Rodas's claims that appellant did not know about the contraband due to their prior relationship.[2] While the arrest video does not reflect that appellant was advised of her *Miranda* warnings prior to stating that she was not present when the vehicle was being loaded, the video also does not reflect her making this statement. Rather, this statement is contained in Kernell's arrest report, which indicates that appellant was given her *Miranda* warnings prior to making the statement. Further, appellant fails to identify why this statement carries any particular significance as it relates to her knowledge of the contraband. Finally, the discovery contains evidence of appellant's proximity to what appeared to be a marijuana "roach," additional statements made by appellant that could be construed as indicating that she was aware of the contraband in the trunk, and the odor of marijuana in the cab of the vehicle which provides a reasonable basis to conclude that appellant was aware that there was marijuana in the vehicle. Taken together and

---

[2] Appellant makes much of Martinez failing to discover the "glaring inaccuracy" in Kernell's arrest report; specifically, the report fails to mention that Rodas initially told Kernell that appellant knew nothing of the contraband. While such an omission could affect the credibility a jury would give the report, it does not alter the fact that the exculpatory value of Rodas's statement turns on the credibility a jury would afford Rodas in making the statement.

7

deferring to the trial court's credibility determinations, we conclude that there was sufficient evidence to allow a reasonable attorney to conclude that the State would be able to prove sufficient links between appellant and the contraband.[3]  While appellant contends that Martinez told her that she would be able to have the arrest expunged from her record if she successfully completed her community supervision, Martinez expressly refuted ever providing this advice.  As such, this conflicting evidence presents a credibility determination.  We defer to the trial court's resolution of factual issues that turn on credibility determinations.  *Ex parte Garcia*, 353 S.W.3d at 787.  Consequently, we conclude that the trial court did not err in concluding that Martinez's advice to appellant to accept the State's plea offer did not fall below an objective standard of reasonableness.

Because appellant fails to meet her burden to establish that the trial court erred in not finding that Martinez's representation fell below an objective standard of reasonableness, we need not address the second *Strickland* prong.  *Ex parte Martinez*, 330 S.W.3d at 901; *see* TEX. R. APP. P. 47.1.  We affirm the judgment of the trial court.

## CONCLUSION

Having determined that the trial court did not err in denying appellant's application for habeas corpus, we affirm the judgment of the trial court.

Judy C. Parker
Justice

Do not publish.

---

[3] We believe that, because the evidence allows for a reasonable conclusion that appellant was aware that there was marijuana in the vehicle, it would be reasonable for a jury to conclude that appellant was aware of the marijuana-based contraband in the trunk.