

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00140-CR
No. 02-21-00141-CR

———————————————

MACK DAVIS AKA MARK DAVIS, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court Nos. 1631543D, 1586736D

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

Mack Davis aka Mark Davis appeals from the trial court's revoking his deferred-adjudication community supervision, adjudicating him guilty of burglary of a habitation and possession of a controlled substance, and imposing 35-year sentences for each offense. In two points, he complains that (1) his original guilty pleas, which resulted in the deferred-adjudication orders, were involuntary and (2) his sentences violated the Eighth Amendment. We will affirm.

## I. Background

The State charged Davis under separate cause numbers with two second-degree felonies: burglary of a habitation and possession of more than four grams but less than 200 grams of heroin. *See* Tex. Penal Code Ann. § 30.02(a), (c)(2); Tex. Health & Safety Code Ann. §§ 481.102(2), .115(d). The indictment in each cause included identical habitual-offender notices, which, if found true, would enhance the punishment range for each offense from two to twenty years in prison to imprisonment for life or for "any term of not more than 99 years or less than 25 years." *See* Tex. Penal Code Ann. §§ 12.33(a), .42(d).

On April 1, 2020, Davis judicially confessed to the facts alleged in the indictments, pleaded true to the habitual-offender paragraphs, and entered open guilty pleas to both offenses. That same day, Davis, his counsel, counsel for the State, and the trial-court judge signed written plea admonishments in each case that stated, among other things, that the punishment range was 25 to 99 years or life in prison.

The trial court accepted Davis's pleas, found the habitual-offender paragraphs to be true, deferred adjudicating Davis guilty, and placed him on eight years' community supervision in each cause. Davis did not appeal the deferred-adjudication orders.

In June 2021, the State petitioned to proceed to adjudication in both causes because Davis had violated several of his community-supervision terms and conditions. At the October 12, 2021 revocation hearing, Davis pleaded true to paragraphs one through seven as alleged in each petition.[1] In response to questioning by the trial-court judge, Davis stated that he was pleading true freely and voluntarily and that he understood that if the judge found those paragraphs to be true, the judge could find Davis guilty and sentence him to "anywhere between 25 to 99 years or life" in prison. The trial court accepted Davis's pleas of true, and after hearing argument from counsel and testimony from Davis, the trial court found paragraphs one through seven in each petition to be true and adjudicated Davis guilty of each offense.

Although Davis stated that he understood the consequences of pleading true to the allegations in the State's adjudication petitions, he testified that he was confused when his attorney[2] had informed him that he was "looking at 25 to life." During closing, Davis's attorney asked the trial judge to withdraw its previous findings of true

---

[1]Except for an additional paragraph in the adjudication petition in the heroin-possession case—which the State waived—the petitions were identical.

[2]Davis's original attorney did not represent Davis during the revocation proceedings.

to the habitual-offender paragraphs. The trial court declined to do so and sentenced Davis to 35 years' confinement for each offense, with the sentences to run concurrently. Davis timely appealed. *See* Tex. R. App. P. 26.2(a)(1).

## II. Davis's Guilty Pleas

In his first point, Davis argues that his guilty pleas to the underlying offenses were not knowingly and voluntarily made because he was unaware that he would be exposed to an enhanced punishment range for each offense as a consequence of his pleas of true to the habitual-offender paragraphs. Davis asserts that when he pleaded guilty, the trial court did not admonish him about the sentencing range or ask him if he was aware of it, and that Davis gave no indication during the original plea proceedings that he was aware of the punishment range.[3] He also relies on his testimony at the revocation hearing and an allegation that he has a history of mental-health issues.

Generally, a defendant placed on deferred-adjudication community supervision may raise issues regarding the original plea proceeding only in an appeal taken when the trial court first imposes deferred-adjudication community supervision. *See Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999); *see also* Tex. Code Crim. Proc. Ann. art. 42A.755(e) ("The right of the defendant to appeal . . . shall be

---

[3]The reporter's record from the original plea proceedings is not in the record. The record does, however, contain the written plea admonishments, which indicate that the trial court did admonish Davis about the enhanced punishment range and that Davis was thus aware of it.

accorded the defendant at the time the defendant is placed on community supervision."). Unless an order placing a defendant on deferred-adjudication community supervision is void, that defendant may not raise issues related to the original plea proceeding—including voluntariness-related issues—in an appeal from a subsequent adjudication proceeding. *See Jordan v. State*, 54 S.W.3d 783, 785 (Tex. Crim. App. 2001); *Manuel*, 994 S.W.2d at 661–62; *see, e.g., Lyle v. State*, No. 02-17-00227-CR, 2019 WL 3024480, at *2 (Tex. App.—Fort Worth July 11, 2019, pet. ref'd) (mem. op., not designated for publication); *Robinson v. State*, Nos. 02-17-00054-CR, 02-17-00055-CR, 2018 WL 1095793, at *2 (Tex. App.—Fort Worth Mar. 1, 2018, no pet.) (mem. op., not designated for publication); *Sonaty v. State*, No. 2-05-257-CR, 2006 WL 1653364, at *1 (Tex. App.—Fort Worth June 15, 2006, no pet.) (per curiam) (mem. op., not designated for publication). An involuntary guilty plea does not render the resulting deferred-adjudication order void. *See Jordan*, 54 S.W.3d at 785; *Pena v. State*, 551 S.W.3d 367, 370 (Tex. App.—Amarillo 2018, no pet.); *see also Lyle*, 2019 WL 3024480, at *2.

Because voluntariness-related issues related to the original plea proceeding cannot be raised in an appeal from a subsequent adjudication proceeding, we do not have jurisdiction to address Davis's first point. *See Manuel*, 994 S.W.2d at 660, 662; *Lyle*, 2019 WL 3024480, at *2; *Robinson*, 2018 WL 1095793, at *2. We therefore dismiss it. *See Lyle*, 2019 WL 3024480, at *2.

5

### III. Davis's Sentences

Davis argues in his second point that although the trial court's 35-year sentences are within the statutory punishment range, they nonetheless violate the Eighth Amendment's prohibition against cruel and unusual punishment because they are grossly disproportionate to the crimes committed. *See* U.S. Const. amend. VIII; *Ewing v. California*, 538 U.S. 11, 23, 123 S. Ct. 1179, 1186–87 (2003) (plurality opinion); *Harmelin v. Michigan*, 501 U.S. 957, 1001, 111 S. Ct. 2680, 2705 (1991) (Kennedy, J., concurring); *State v. Simpson*, 488 S.W.3d 318, 322–23 (Tex. Crim. App. 2016).

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion sufficiently stating the specific grounds, if not apparent from the context, for the desired ruling. Tex. R. App. P. 33.1(a)(1); *Montelongo v. State*, 623 S.W.3d 819, 822 (Tex. Crim. App. 2021). A complaint that a sentence violates the Eighth Amendment's prohibition against grossly disproportionate sentences is no different. *See, e.g.*, *Russell v. State*, 341 S.W.3d 526, 527–28 (Tex. App.—Fort Worth 2011, no pet.); *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd); *see also Fahmawi v. State*, Nos. 02-16-00325-CR, 02-16-00326-CR, 2017 WL 3081217, at *1 (Tex. App.—Fort Worth July 20, 2017, no pet.) (mem. op., not designated for publication) (citing cases). Here, as the State points out, Davis did not object when the trial court sentenced him to 35 years' confinement in each cause, nor did he move for a new trial in either cause raising his gross-disproportionality argument. Davis has thus failed to preserve this

6

point for our review. *See Russell*, 341 S.W.3d at 527–28; *Kim*, 283 S.W.3d at 475; *see also Fahmawi*, 2017 WL 3081217, at *1. We overrule Davis's second point.

## IV. Conclusion

We conclude that we have no jurisdiction to address Davis's first point, which attacks his original guilty pleas. Having overruled Davis's second point, we affirm the trial court's judgments.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: October 27, 2022

7